ALASKA PACKERS' ASS'N v. ALASKA IMP. CO.

(Circuit Court, N. D. California. January 29, 1894.)

1. TRADE-MARK—INFRINGEMENT—DEFENSES—FALSE STATEMENTS BY ASSIGNEE.
   Where a trade-mark is a mark of special qualities, due to superior material, processes, skill, and care exercised by the originator thereof, an assignee of the business, who continues to use labels which contain the false statement that the goods are prepared by the originator, is not entitled to relief against an infringer.

2. SAME—CORRECTING FALSE STATEMENTS.
   Correcting false statements after the suit is filed, by attaching an additional explanatory label to the goods then being sold, does not help the case of one who, because of such false statements, had no right to relief at the time the suit was filed.

In Equity. Suit by the Alaska Packers' Association against the Alaska Improvement Company for infringement of a trade-mark. Order to show cause why a preliminary injunction should not issue. Injunction denied.

Estee & Miller, for complainant.
Daniel Titus, for respondent.

McKENNA, Circuit Judge. This is an action for the infringement of a trade-mark. The plaintiff is the assignee of the Aleutian Islands Fishing & Mining Company, who has established a station for canning salmon and other fish on the island of Kodiak, Alaska. The bill alleges that said Aleutian Islands Fishing & Mining Company used only the best quality of salmon, employed the best machinery, appliances, processes, and exercised great care, skill, and

expertness in processing and packing said salmon, and putting on the market canned salmon of the best known quality and value, and the same acquired a high reputation as such throughout the various markets of the world, and said company sold many millions of said salmon so prepared and packed, and built up and secured a large, extensive, and remunerative business therein, which was of great value. And it is further alleged that, in order to designate the origin and ownership of the canned salmon so prepared and packed as aforesaid, and to distinguish the same from the canned salmon of all other packers and dealers, said company adopted and appropriated to its exclusive use as a trade-mark for its canned salmon a certain label or brand, a copy of which is attached to the bill. That said label was printed at a large cost and pasted to the cans containing the salmon, and said company sold many millions of cans of said salmon in trade and commerce with foreign nations, each of which had such label attached, and that said salmon became well known throughout the markets of the world as the "Kodiak Brand," and as such were recognized and known to dealers as the canned salmon of said Aleutian Islands Fishing & Mining Company. That said label was duly registered in the patent office. That said company leased its properties to complainant, with all their appurtenances, and assigned the good will of said business, labels, brands, trade-marks, and copyrights, and complainant has since conducted said business. That defendant is using a label and brand in imitation of complainant's label and brand.

The label used by complainant contains the following statement: "Packed at Karluk, Kodiak Island, Alaska, by the Aleutian Islands Fishing & Mining Company, San Francisco, California."

The defendant contends, among other things, that this statement is false, and that complainant therefore is not entitled to relief in equity. As I think this is true, it will not be necessary to consider the other points made by respondent. See Hazard v. Caswell, 93 N. Y. 268; Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436; Symonds v. Jones, 82 Me. 302.[1] The complainant does not contest the point that, if the representations of the label are false, equity will not relieve against its imitation, but urges that an assignee must state in his labels that he is assignee only "where," to quote from counsel's brief, "the reputation and value of the article to which the mark is attached is due to some peculiar, personal, individual skill or genius of the originator of the mark; but in the case of an ordinary article of manufacture, which one manufacturer can make as well as another, where the entire plant is transferred to another, together with the good will, trade-marks, and all its assets, a continuation in the use of the old trade-marks at the old place, is nothing more than a representation that the goods are the product of the old factory, and are of the same quality as before."

The allegations of the bill bring complainant within the admission. It alleges, as we have seen, not only that the best salmon, machinery, and processes are used, but care, skill, and expertness

[1] 19 Atl. 820.

in processes and packing were exercised which gave the salmon a high reputation throughout the markets of the world, and that the label or brand designated the origin and ownership of the salmon, and distinguished the same from the canned salmon of all other packers. It was a mark, therefore, of special qualities, exercised by the Aleutian Islands Fishing & Mining Company, which distinguished its products from the products of other packers,—any old or any new packers. To correct the misstatement of the label, complainant, since the commencement of the action, has attached a circular label to the top of the can, stating that the salmon is packed by it as assignee of the Aleutian Islands Fishing & Mining Company. I do not think this cures the defect of the original label. It is the facts which existed before the suit was brought which make the cause of action, and entitle to relief.